UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE KNIGHT,

        Plaintiff,

v.

        Case No. 2:09-CV-14523
        Hon. Lawrence P. Zatkoff

ROBERT MULVANEY, et. al.

        Defendants,
_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Eugene Knight, ("Plaintiff"), presently confined at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that the defendants retaliated against him for being a member of the Nation of Islam, in violation of his First Amendment rights, while Plaintiff was incarcerated at the Carson City Correctional Facility. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

### I. DISCUSSION

In the present case, all of the actions complained of by Plaintiff took place at the Carson City Correctional Facility in Carson City, Michigan, which is located in the Western District of Michigan. The Defendants named in the complaint all reside in the Western District of Michigan. Plaintiff is currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, which is also located in the Western District of Michigan.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper

1

in (1) the judicial district where any defendant resides, if all of the defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. *See Bunting ex rel. Gray v. Gray,* 2 Fed. Appx. 443, 448 (6th Cir. 2001)(citing 28 U.S.C. § 1391(b)).

For the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See Weatherford v. Gluch*, 708 F. Supp. 818, 819-20 (E.D. Mich. 1988); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *See Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *See Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan, because plaintiff's claims about the alleged interference with his religious practices arose in that district. *See Balawajder v. Scott,* 160 F. 3d 1066, 1067 (5th Cir. 1998). Likewise, venue for Plaintiff's retaliation claim is also in the Western District of Michigan, because neither Plaintiff nor

any defendant resides in this district, nor did any of the alleged retaliatory acts take place in this district. *See e.g. Janis v. Ashcroft,* 348 F. 3d 491, 493 (6th Cir. 2003).

Moreover, in cases in which a plaintiff's claims may require testimony or files that can be most easily obtained at or near the plaintiff's place of incarceration, "the district in which the institution is located will ordinarily be the more convenient forum." *See Joyner v. District of Columbia,* 267 F. Supp. 2d 15, 20-21 (D.D.C. 2003)(*quoting Starnes v. McGuire*, 512 F. 2d 918, 931 (D.C. Cir.1974). Finally, the witnesses and files necessary to prosecute these claims are located in the Western District of Michigan and the burden of transporting Plaintiff to this judicial district would be significant. For these reasons, transfer of this action to the Western District of Michigan is proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Accordingly, the Court ORDERS that this matter shall be transferred to the Western District of Michigan for further proceedings.

## II. CONCLUSION

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

      s/Lawrence P. Zatkoff  
      LAWRENCE P. ZATKOFF  
      UNITED STATES DISTRICT JUDGE

Dated: February 22, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 22, 2010.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

4